Good morning. May it please the Court, at this time I'd like to reserve six minutes for rebuttal. Please watch the clock, and could you introduce yourself? Of course. Stephen Doniger for the appellant, Malibu Textiles. Your Honors, as you're aware, we're here on a motion to dismiss that was granted that this Court can review de novo. There's thus no deference that needs to be accorded to Judge Reel in his opinion. And while we believe that Judge Reel got the opinion wrong for all the reasons set forth in our brief, I'm not going to repeat all those arguments, but I'm happy to address any questions of the Court. That said, before addressing those questions, I think that there is a preliminary question, which is a discussion of the standard of review, or I should say the pleading standard. What is the standard for proper pleading in a copyright case? And as noted in our briefs, the law is not clear on that. There was – the Ninth Circuit has not clearly stated what is the proper pleading standard for a copyright claim post-Iqbal and Toombley. Prior to those decisions, the law was clear. In cases like Perfect Ten, this Court stated that the complaints, and I quote from Perfect Ten, complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute, and infringement by defendant have been held sufficient. The defendants seem to be of the opinion that Iqbal and Toombley now require that a plaintiff set forth its entire case, basically prove its case at the pleading stage. But those cases – the cases relied on are clear that that's not required. The Ashcroft decision simply sets forth a facial plausibility standard and specifically says that the failure to prove a case at the pleading stage is not grounds for dismissal. In addressing that facial plausibility, Ashcroft also applies – also specifically notes that the pleading stage is context-specific. And what context-specific means is arguably the open question before this Court. The Court may ask, as in the prior discussion, what is the standard to apply? And I would submit that the Fourth Circuit got that standard right in the Robertson v. Seepines case, where it said Iqbal and Toombley do not require a plaintiff to prove his case in the complaint. The requirement of non-conclusory factual detail at the pleading stage is tempered by the recognition that the plaintiff may only have so much information at his disposal at the outset. Mr. Doniger? Yes. Over here. Hello from Phoenix. Judge Reel ruled that you had failed to allege any protectable elements that are substantially similar to that of the defendant's product. Do you have an answer to that? We do. The paragraph 14 specifically discusses the copying of protectable expression. It notes not only was the flower, the shape of the flower, which is not governed by its physiology necessarily – leaves can point in different directions, etc. Not only was that flower copied, but the leaf shapes around it appear in exactly the same layout. And as this Court is well aware, selection and arrangement of elements, in addition to the protection of individual copyrightable elements, is protected under the Copyright Act. I didn't see the L.A. Printex case cited in Judge Reel's order. Was that brought to his attention? It was brought to his attention. I don't have the exact – if you'd like, I can certainly – you know what, let me on my reply. I don't need the chapter and verse, but he did know about it. The case Printex was decided in 2012, and he ruled in 2014. Correct. That's one of the basis for our appeal, is that under L.A. Printex, there clearly is protectable expression in floral designs, and just to find that there is no valid copyright pled seems to be in clear violation or ignoring the L.A. Printex decision. I also note that defense counsel cites L.A. Printex for the proposition that the plaintiff is required to plead specific facts regarding a registration. There is, of course, no such holding in the L.A. Printex v. Oropestal decision, which in any event deals with the standards applicable at the summary judgment stage. If you were granted leave to amend, could you allege the registration number? Well, the registration number has already been put before the court, Your Honor. As we note in our briefs and in the excerpts of record, there is a statement of – the report on the filing of an action involving copyright is filed along with the initial paperwork, and that report includes the registration number. So the information – Was it in the first amended complaint? The registration number, I believe, was in the first amended complaint. On the access issue, which the district court also thought was not nudged over into plausibility, the allegations were much more general than what was in L.A. Printex, though L.A. Printex was a summary judgment decision. Why was the allegations, which I think was along the lines of hundreds of thousands of yards to numerous parties in the apparel industry, why was that enough to make it plausible that there was access? If 50,000 yards is sufficient to create a question of fact, hundreds of thousands of yards – Well, in L.A. Printex, it said 50,000 yards in a four-year period, sold to fabric converters in the same Los Angeles area where the defendant was operating. So there wasn't anything close to that. Of course, L.A. Printex was a summary judgment motion, but there wasn't anything close to that in the complaint. So the fact that hundreds of – the factual allegation, which, again, must be taken as true, that hundreds of thousands of yards were sold – Somewhere. Somewhere. In no specified time period, which is also critical in L.A. Printex. Okay. And in no specified area. Again, critical at the summary judgment proof-of-claim stage, not at the pleading stage. See, I don't think that's right, because we know from the summary judgment cases what you're ultimately going to have to prove, and what your obligation post-Tuamli and Iqbal is to show in your complaint that you are going to be able to bring forward facts that at least plausibly will get you across the finish line when it comes time to proving up your case. Agreed, Your Honor. I mean, I'm glad that Judge Acuda focused on paragraph 11 of this complaint, because I think on its face it's completely deficient, and this is definitely information that's within your control. You don't need discovery to give further detail on this. And I guess what I'm left to wonder, because you amended this complaint after you got the dismissal order in the other case, this is all you've got? I mean, actually, I think you have more, because in other cases you've put forth more, but you had an opportunity to amend here to cure the defect that the judge had identified in your other complaint, and this is what you came up with. Why would we say that you were entitled to another shot if we concluded that this wasn't sufficient? Well, I'll note that in the Oropistal case, at the pleading stage the pleading was quite analogous to the pleading in this case. There was not greater specificity in the pleading, and there's been no case that I'm aware of that has ever established that at the pleading stage greater specificity is required. So it's not as if the plaintiff was on notice, and should this court find that greater pleading is required, it would certainly be a first. How were you not on notice? Swanlee and Iqbal have been around now for years. They don't address, again, there is no authority applying. Every single area of law now, post-Swanlee and Iqbal,  as opposed to what the pleading standards are? I don't think that's right. No, that's certainly not what we're saying. What I'm saying is that if in the apparel industry, garments that are out there being sold through stores that are available for purchase, for copying, et cetera, if there are hundreds of thousands of yards of lace that are being sold to garment manufacturers, that is a substantial number of garments that can be made from those that are in the marketplace out there to be copied. Whether, under the facts of this case, that is sufficient to establish chain of access, widespread dissemination, is ultimately a question of fact. But at the pleading stage, we believe – It's not plausible based on what you've given us in paragraph 11, at least, for us to infer anything about access of this defendant in the time period that's relevant because you haven't specified where the sales occurred. They could have all occurred in China, for all we know. You haven't specified when the sales occurred. They could have all occurred 50 years ago, for all we know. So what you've given here is definitely not enough if we apply Swanlee and Iqbal, and I don't think you were entitled to any more notice than that. I guess what I'm asking is, given that you already took a shot at amending after being on notice that at least this same judge thought your complaint was defective in that respect, why should you be given another chance to amend now? Again, the complaint at issue in this case, the amended complaint in label A, includes appreciably more detail than those complaints that have ultimately resulted in findings of infringement liability, including an L.A. print text. Mr. Donaghy? Yeah. I would have thought your answer to Judge Watford would be that was not the defect that Judge Reel identified. He didn't find a problem with access being improperly pled. He found the problem was some defect with respect to the protectable elements. Am I reading that right, or am I getting these cases confused? No. I think you're correct. And with regard to access, while we believe that the pleading is sufficient with the hundreds of thousands of yards, and again, I note that the court Did Judge Reel criticize the first amended complaint for a deficiency in alleging access? Forgive me for not recalling that off the top of my head. Okay. I'm looking at the order. Maybe I'm looking at the wrong thing, but it looks to me like the only thing he quarreled with was Malibu has failed to allege any protectable elements that are substantially similar. I believe that's correct, Your Honor. And then he goes on to say, you know, clogged vine occurs naturally in nature. I didn't see where he dinged you for some insufficient pleading with respect to access. I believe that's correct, Your Honor. Now, following through on that, if you were granted leave to amend, could you beef up the access allegations? We could, and while I believe that it should be unnecessary, should the court find otherwise, we certainly could beef up those allegations with one caveat. I want to note that as indicated in the Fourth Circuit's reasoning, which I think is sound, a plaintiff's obligations to plead need to be tempered by the information available. As Your Honor noted, these garments could have been sold in China. That said, we don't know what Malibu's position is as to where it obtained the design. If it says, oh, we got this design from one of our vendors in China, then it's certainly relevant. No, I agree with you. I'm just saying the information within your control, and that there's plenty more that you could have alleged, it seems to me, that you do know about. I'm not talking about where they got it, just what you put out there. That is true. There's plenty more we could have alleged, but, again, it is not. Every case since Iqbal and Toombly, to interpret it, says we don't need to prove our entire case at trial. To prove where all of these sales occurred is going to be relevant, relative to where the defendant claims they got their design, everywhere they've been operating, information we don't know. That's why I think that greater specificity doesn't necessarily address the question, because we're going to have defendants still coming into court saying, but there's no evidence that we were there and there and there. All over time, so. Thank you. Thank you, Your Honor. I see my time has expired, and we'll hopefully have a moment for rebuttal then. Good morning, Your Honor. Stacey Reardon on behalf of respondents, labeling, and entry. Respondents believe that we are entitled to notice. Before we have to come into court and to spend hundreds of thousands of dollars  and in a copyright case, we're entitled to notice of at least three things. We're entitled to know what the plaintiff's copyright certificate of registration is and what their deposit materials are. We're entitled to know what their theory of access is, whether they eventually prove that theory or not. We're entitled to know their theory at that stage. And we're entitled to know what the sources of similarities are between the two works at issue. What if they just put pictures side by side in the complaint? That's what they do. Is that enough? No, that's not enough. Because, one, we don't know if those are the correct pictures or not. The courts down the road, and I know it's on summary judgment, but when you make a comparison, they're looking at the deposit materials. In the labeling case, for example, the garment alleged at issue was a Windsor garment. We don't know what that garment is standing here today. We've never been given a picture of it. We try to confirm what the garment is. And to this date, we're not sure. It could be a dress or it could be a shirt. So in order for us to mount a defense, we need to know what it is and what skew it is. And the pictures, people say, well, it looks like these are exactly the same or they're close to being the same. The judgment is on what your eye will see. And that's not enough to make us spend hundreds and hundreds of thousands of dollars in court. Could you move for a more definite statement to cure that? We could. It's a challenging motion to make. We have a hard enough time on motions to dismiss to get the allegations more refined. You see, in this case, with both the H&M case and the labeling cases, this is what, the one, two, the third complaint that we're facing on these very same facts, and the allegations still aren't good enough. And we are fortunate enough that Judge Real ruled in our favor in this case. And honestly, that's rare. You know, many cases, they look at the two pictures and they say, yeah, these are similar enough. We don't care that your person is in Sweden or we don't care if you're in Korea or we don't care where you are. We don't care if you've never seen this before. We don't care if you've independently created this. We have copyright certificates and we put them before the district courts. And the courts don't care. They just say, oh, it's enough. Figure it out on summary judgment. Could you focus on why the complaint isn't sufficient to state a claim? That's the issue that's before us. Now, they point to the language, I think he mentioned paragraph 14, where it says, here's the similarity. It's a stylized rendition of a five-petal flower surrounded by curling leaves with either one or two dots inside of them, clusters of three smaller flowers with unevenly shaped leaves and other stylized floral elements, and then alleges that the layout and arrangement is substantially similar, if not virtually identical. So under the LA Printex standard of selection, coordination, and arrangement of elements is protectable, why isn't that a sufficient allegation to make it a plausible substantial similarity? In this case, both parties used the LA Printex case in the brief submitted to the district court. And the district court found that LA Printex didn't govern the protectability of the work at issue. It determined that the protectability of the work at issue was governed by CITAVA, because it found that the clock vine flower was a work that was a naturally occurring flower. So since it was natural and it was like what it appeared in nature. Yeah, if the fabric just had a stylized picture of the flower by itself, maybe. But there's a whole bunch of other elements, including the way they're spaced and all that. So that seems to me we're squarely within LA Printex. Are you saying that that case doesn't apply here? I'm not saying that the case doesn't apply. I would agree that an otherwise unprotectable elements in a combination, if those elements are sufficient or numerous enough and original enough, could warrant copyright protection. It's not a per se, a compilation doesn't per se get copyright protection. Let's assume we don't think that CITAVA is the controlling case here. If you look at the pictures of the clothing in LA Printex, there's the same sorts of cloth, cloth similarity arrangement of flowers and branches as there is here. And so we're looking at the selection, coordination and arrangement with the little dots, two dots here, three dots there, which is, at least in the photos in the motion to reconsider, is identical or virtually identical given the change in materials, which LA Printex said is not necessarily dispositive. Why isn't that enough to state a claim under the LA Printex standard? It's not necessarily going to win, but it just has to state a claim. It just has to be plausible that there's similarity. Well, in this case, even if LA Printex applied, the combination, the judge found that the combination of elements not, they didn't plead that this element is in the center and the other one is to the right of it. He found that the spacing and the arrangement and the proportions were also not virtually identical. So even if they had some sort of copyright in the arrangement, and even depending on whether that's a thin copyright or a broad copyright, because it's nature work instead of a stylized work, but assuming that they have a copyright in the arrangement, they didn't talk about the spacing, they didn't talk about the placement. That copyright will not make the underlying elements protectable. It only makes the arrangement or their positioning vis-a-vis each other protectable. So you're saying it's not plausible because there wasn't enough language in the complaint to specifically describe where things were laid out spatially? I'm not sure I understand what argument you're making here. Yes, because in the complaint, they allege that their entire work has protection. They didn't say what about that work is entitled to protection. And to mount the proper defense, we need to say, okay, how are we going to respond to this? So are we going to focus on the spatial arrangements? Are we going to focus on the way it's laid out, or are we going to talk about the flower? Are we going to talk about the paisleys, which are the butas, which are a very common connector in lace? Are we going to talk about the way— They say the layout and arrangement is substantially similar, if not virtually identical. So what would they have to say more than that? That's a conclusion, Your Honor. They would need to say the flower's in the center, and this is to the right, and the spacing is at this angle. So very similarly to in a photograph, you talk about the angle. You talk about, is it shot up close? What's the lighting? There are ways to—or in a movie, we talk about the pace, and we talk about the characters. There are ways, and instead of just saying, look, here's two pictures, you figure it out. Can you point to a case that suggests that level of detail is necessary in the complaint? Beyond Iqbal and Twombly, no, because as counsel for Malibu pointed out, there are very few cases on motions to dismiss talking about the proper pleading standards. So no, and I would echo his desire for more guidance in what needs to be pledged, because it's a very challenging thing at the district court level to know— Oh, I see my time is almost up. It's very challenging to know at the district court what you need to do, and we get very inconsistent rulings in the district court in what we need to do. And I would say at minimum, they need to put in the deposit materials. At minimum, they need to plead the certificate of registration. At minimum, they need to plead some form of access, be it direct access or a chain of events or widespread dissemination with sufficient details for the point in time, the geographic location, or at least something to give a defendant an idea of what we need to do. And one last point to the insufficient access pleadings and the insufficient copyright registration allegations in the complaint. Judge Real didn't address it in this action, but he did address those deficiencies in the H&M action. So to answer your question, Your Honor, they were not addressed in this action, but they were addressed in the H&M action, and this panel has the ability to affirm on anything that the record supports. So unless you have some final questions. Thank you.
judges: Silverman, Ikuta, Watford